IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13-cr-20157-SHL-dkv |
| | ) |
| OMAR JONES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ADOPTING IN PART THE REPORT AND ADOPTING THE RECOMMENDATION; ORDER DENYING MOTION TO SUPPRESS**

Before the Court is the Report and Recommendation of Magistrate Judge Diane K. Vescovo (the "Report and Recommendation"), filed May 28, 2014 (ECF No. 57), recommending that the Court deny Defendant Omar Jones's ("Defendant") Motion to Suppress Evidence, filed January 15, 2014 (ECF No. 37). On June 12, 2014, Jones filed his Objections to the Report and Recommendation. (ECF No. 58.) For the following reasons, the Court ADOPTS the Magistrate Judge's Report, ADOPTS the Recommendation, and DENIES Defendant's Motion to Suppress.

**I.      BACKGROUND**

In a one-count Indictment filed April 25, 2013, Defendant was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 1). On May 23, 2013, Defendant pled not guilty to all charges. (ECF No. 11.)

The facts in this case are largely undisputed, and the circumstances surrounding Defendant's arrest are set forth in the Magistrate Judge's Report and Recommendation. (See Report and Recommendation at 3-10, ECF No. 57.) The central issue before the Court is

whether Mark Hale, a private security guard, was an agent of the Memphis Police Department when he detained and searched the Defendant.

On January 15, 2014, Defendant filed a Motion to Suppress evidence collected during an allegedly illegal search. (ECF No. 37.) On February 4, 2014, this Court entered an Order referring the Motion to the Magistrate Judge. (ECF No. 39.) On May 28, 2014, the Magistrate Judge recommended that this Court deny the Motion to Suppress. (Report and Recommendation, ECF No. 57.) On June 12, 2014, Defendant timely filed Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 58.) The Government filed its Response[1] to Defendant's Objections on July 8, 2014. (ECF No. 61.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence." Fed. R. Crim. P. 59(b)(1). Within fourteen days after being served with a copy of the report and recommendation on a motion to suppress, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); see also Fed. R. Crim. P. 59(b)(3).

---

[1] Rule 59 of the Federal Rules of Criminal Procedure does not contemplate filing a response in opposition to a party's objections. Compare Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's objections within 14 days after being served with a copy [of the written objections].") with Fed. R. Crim. P. 59. This district's Local Criminal Rules also do not explicitly consider the possibility of filing a response to a party's objections to a magistrate judge's report and recommendation. See Local Criminal Rules at 38-41, United States District Court for the Western District Of Tennessee, https://www.tnwd.uscourts.gov/pdf/content /LocalRules.pdf. The Local Criminal Rules, however, do indicate that responses to motions shall been within "fourteen (14) days after the motion was received." LCrR 12.1(c). Although objections to report and recommendations are not themselves motions, the Court will consider the timeframe for motion responses as a guideline in this instance.

2

A court need not review any aspect of a report and recommendation to which no specific objection is made. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985); see also United States v. Chalmers, No. 09-CR-20325-STA, 2011 WL 6338833, at *2 (W.D. Tenn. Dec. 19, 2011) (stating that the court may "adopt the findings and rulings of the magistrate judge to which no specific objection is filed"). The court, however, "need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general." United States v. Manning, No. 3:13-CR-012, 2013 WL 3820022, at *1 (E.D. Tenn. July 24, 2013) (citing Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986)). "After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge." United States v. Akins, No. 08-cr-20397-JPM, 2011 WL 2636697, at *1 (W.D. Tenn. July 6, 2011) (citing Fed. R. Crim. P. 59(b)(3)).

## III. ANALYSIS

In the instant case, the Magistrate Judge recommended that Defendant's Motion to Suppress be denied. (ECF No. 57.) The Defendant did not object to the Magistrate Judge's proposed findings of fact. (See ECF No. 58.) Accordingly, the Court ADOPTS the findings and conclusions of the Magistrate Judge to which no specific objection have been filed. See Chalmers, 2011 WL 6338833, at *2. The Court reviews *de novo* the conclusions of law to which Defendant objects.

The Magistrate Judge made the proposed conclusion of law that Hale was not acting as an agent of the Memphis Police Department and therefore Hale did not violate Jones's Fourth Amendment rights by searching him. (ECF No. 57 at PageID 78-82.) Defendant objects to that conclusion of law in the Report and Recommendation, arguing that Hale was an agent of the government because (1) Memphis Police officers used the information gathered by Hale in

arresting and charging Jones (ECF No. 58 at PageID 84), and (2) Hale held Jones at the request of Memphis Police officers while the officers responded to another "domestic call" (Id.). In response, the Government argues that (1) "there is no evidence that the Memphis Police Department instigated, encouraged or participated in the search of Omar Jones", (ECF No. 61 at PageID 88-89) and (2) that Hale was not an agent of the government when he made statements to police officers supporting an affidavit of complaint (Id. at PageID 89-90).

The Fourth Amendment proscribes only governmental action and does not apply to a search or seizure conducted by a private individual – no matter how unreasonable – unless that individual is acting as an agent of the government. United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Whether a private person's conduct is attributable to the government "turns on the degree of the Government's participation in the private party's activities, a question that can only be resolved 'in light of all the circumstances.' " Skinner v. Ry. Labor Execs.' Ass'n, 489 U.S. 602, 614–15, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) (quoting Coolidge v. New Hampshire, 403 U.S. 443, 487, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)). In the Sixth Circuit, there is a two-step test to determine if a private citizen is acting as a police agent for Fourth Amendment purposes: "First, the police must have instigated, encouraged, or participated in the search. Second, the individual must have engaged in the search with the intent of assisting the police in their investigative efforts." United States v. Lambert, 771 F.2d 83, 89 (6th Cir.1985) (citations omitted).

The Magistrate Judge found that Hale did not meet the first test because there was no evidence that the Memphis Police Department instigated, encouraged, or participated in the search of Jones. The Magistrate Judge further found that Hale did not meet the second test because Hale's motivation for stopping Jones was to comply with the Cambridge Court

Apartment policy that all persons on the property should produce an ID and give their reason for being on the property and Hale patted down Jones because Jones was acting "agitated," "tense," and "jumpy," leading Hale to believe that Jones may have been dangerous. After reviewing the record, the Court agrees with the Magistrate Judge's conclusion that Hale was not acting as an agent of the police. Defendant has not met his burden of showing that the police instigated, encouraged, or participated in the search or that Hale engaged in the search with the intent of assisting the police. Accordingly, this Objection is OVERRULED.

**IV. CONCLUSION**

Having reviewed *de novo* the legal conclusions to which Defendant objects, the Court ADOPTS the Magistrate Judge's factual findings, ADOPTS the Magistrate Judge's conclusions of law, and DENIES Defendant's Motion to Suppress.

**IT IS SO ORDERED,** this 5th day of August, 2014.

/s/ Sheryl H. Lipman
SHERYL H. LIPMAN
U.S. DISTRICT JUDGE